1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUSSELL G. COTTINGHAM,

11            Plaintiff,                         No. 2: 12-cv-0057 KJN P

12        vs.

13   SCOTT JONES,

14            Defendant.                         ORDER

15   _____/

16            Plaintiff is a prisoner proceeding without counsel.  Plaintiff seeks relief pursuant

17   to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local

19   Rule 302.

20            Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

26   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

                                                1

1   monthly payments of twenty percent of the preceding month's income credited to plaintiff's

2   prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

3   the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

4   in full.  28 U.S.C. § 1915(b)(2).

5            The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1   allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6   as true the allegations of the complaint in question,  id., and construe the pleading in the light

7   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8          Plaintiff alleges that he was booked into the Sacramento County Jail on November

9   27, 2011.  Plaintiff alleges that on November 28, 2011, he signed a release authorizing jail

10  medical personnel to obtain his medical records.  Plaintiff alleges that his medical records from

11  prior to his incarceration at the jail indicated that he had spinal surgery and suffered from chronic

12  shoulder pain.  Plaintiff alleges that since being incarcerated at the jail, he has not received

13  adequate pain medication.  Plaintiff seeks injunctive relief as well as money damages.

14          The only named defendant is Sacramento County Sheriff Scott Jones.  Plaintiff

15  does not allege how defendant Jones deprived him of inadequate medical care.  The Civil Rights

16  Act under which this action was filed provides as follows:

17          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
18          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
19          law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

23  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

24  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

25  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

26  another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

3

1 affirmative act, participates in another's affirmative acts or omits to perform an act which he is

2 legally required to do that causes the deprivation of which complaint is made." Johnson v.

3 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4          Moreover, supervisory personnel are generally not liable under § 1983 for the

5 actions of their employees under a theory of respondeat superior and, therefore, when a named

6 defendant holds a supervisorial position, the causal link between him and the claimed

7 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

8 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

9 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

10 there is no evidence of personal participation).  Vague and conclusory allegations concerning the

11 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

12 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

13 personal participation is insufficient).

14          Because plaintiff has failed to link defendant Jones to the alleged deprivation, the

15 complaint is dismissed with leave to amend.  If plaintiff files an amended complaint, he should

16 specifically allege how defendant Jones deprived him of adequate pain medication, or name as

17 defendants those jail officials involved in the alleged deprivation.

18          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

20 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

21 how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

22 unless there is some affirmative link or connection between a defendant's actions and the

23 claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

24 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

25 participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

26 268 (9th Cir. 1982).

4

1    In addition, plaintiff is hereby informed that the court cannot refer to a prior

2  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

3  an amended complaint be complete in itself without reference to any prior pleading.  This

4  requirement exists because, as a general rule, an amended complaint supersedes the original

5  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

6  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

7  amended complaint, as in an original complaint, each claim and the involvement of each

8  defendant must be sufficiently alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

13  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

14  Sacramento County Sheriff's Department filed concurrently herewith.

15    3.  Plaintiff's complaint is dismissed.

16    4.  Within thirty days from the date of this order, plaintiff shall complete the

17  attached Notice of Amendment and submit the following documents to the court:

18    a.  The completed Notice of Amendment; and

19    b.  An original and one copy of the Amended Complaint.

20  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

21  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

22  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

23  ////

24  ////

25  ////

26  ////

1 | Failure to file an amended complaint in accordance with this order may result in the dismissal of

2 | this action.

3 | DATED:   January 17, 2012

4 | _____
KENDALL J. NEWMAN
5 | UNITED STATES MAGISTRATE JUDGE

6 | cott47.14

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUSSELL G. COTTINGHAM,

11          Plaintiff,                              No. 2: 12-cv-0057 KJN P

12       vs.

13   SCOTT JONES,                                   NOTICE OF AMENDMENT

14          Defendant.

15   _____ /

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____       Amended Complaint

19   DATED:

20

21                                           _____
                                             Plaintiff
22

23

24

25

26

                                           7