IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL G. COTTINGHAM,

      Plaintiff,                       No. 2: 12-cv-0057 KJN P

    vs.

SCOTT JONES,

      Defendant.                ORDER

_____/

        Plaintiff is proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed February 7, 2012. For the following reasons, the amended complaint is dismissed with leave to amend.

        Named as defendants are Sacramento County Sheriff Scott Jones and the Sacramento County Sheriff's Department. Plaintiff alleges that on November 27, 2011, he was booked into the Sacramento County Jail. Plaintiff alleges that on November 28, 2011, he signed a release authorizing jail officials to obtain his medical records. Plaintiff alleges that his medical records demonstrated that he had chronic shoulder pain and that he had had spinal surgery. Plaintiff alleges that as of January 3, 2012, he has received insufficient pain medication.

        Plaintiff alleges that defendants have a duty to provide him with adequate medical care, which they failed to do.

1

1    Plaintiff's amended complaint does not include a demand for relief as required by
2 Federal Rule of Civil Procedure 8.  In other words, plaintiff does not allege the type of relief he is
3 seeking, i.e., money damages, injunctive or declaratory relief.  For this reason, the amended
4 complaint is dismissed with leave to amend.
5    For the following reasons, the undersigned also finds that plaintiff has not stated a
6 colorable claim against defendant Sacramento County Sheriff's Department.
7    In order to be subject to suit under § 1983, the alleged offender must be a
8 "person" acting under color of state law.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 60
9 (1989).  Local governments, including counties, qualify as "persons" within the meaning of §
10 1983.  Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); Long v. County of L.A., 442
11 F.3d 1178, 1185 (9th Cir. 2006).  However, municipalities and local governments cannot be
12 vicariously liable for the conduct of their employees under § 1983, but rather are only
13 "responsible for their own illegal acts."  Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011)
14 (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)) (emphasis in the original).  In other
15 words, a municipality may only be liable where it individually caused a constitutional violation
16 via "execution of a government's policy or custom, whether by its lawmakers or by those whose
17 edicts or acts may fairly be said to represent official policy."  Monell, 436 U.S. at 694; Ulrich v.
18 City & County of S.F., 308 F.3d 968, 984 (9th Cir. 2002).
19    Plaintiff does not allege that his failure to receive adequate pain medication was
20 caused by the execution of a policy or custom of defendant Sacramento County Sheriff's
21 Department.  Accordingly, the claims against this defendant are dismissed.
22    Plaintiff's claim that defendant Jones failed his duty to see that plaintiff receive
23 adequate pain medication is vague and conclusory.  See Ivey v. Board of Regents, 673 F.2d 266,
24 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights are
25 not sufficient to state a colorable claim for relief).  Plaintiff's amended complaint contains no
26 specific allegations regarding the acts or omissions of defendant Jones.  Accordingly, the claims

1  against this defendant are dismissed with leave to amend.

2       If plaintiff files a second amended complaint, he may consider naming as
3  defendants the jail officials who were allegedly responsible to provide him with adequate pain
4  medication, but did not do so.  The second amended complaint must allege in specific terms how
5  each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).

6       Accordingly, IT IS HEREBY ORDERED that plaintiff's first amended complaint
7  (Dkt. No. 8) is dismissed with thirty days to file a second amended complaint; failure to file a
8  second amended complaint will result in the dismissal of this action.

9  DATED:  March 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

13  cott57.ame